### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lamont Ragsdale Sr.<br>                    <u>Debtor(s)</u><br><br>Deutsche Bank National Trust Company, as Trustee of Vendee Mortgage Trust 2008-1<br>          <u>Movant</u><br>     vs.<br><br>Lamont Ragsdale Sr.<br>                    <u>Debtor(s)</u><br><br>William C. Miller Esq.<br>               <u>Trustee</u> | CHAPTER 13<br><br><br><br>NO. 19-15202 AMC<br><br><br><br><br>11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or about April 8, 2020, Movant filed a Motion for Relief in the underlying bankruptcy due to unpaid water/sewer rents with regards to the Property located at 79 West Sharpnack Street, Philadelphia, PA 19119 (hereinafter refers to as "the Property").

2. As of May 1, 2020, the amount owed for the Water/Sewer rents has been negotiated to $3,296.52, plus fees and costs relating to the motion at $850 in legal fees and $181 in filing costs for a total amount in default of $4,327.52

3. The Debtor(s) shall cure said arrearages in the following manner:

   a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $4,327.52;

   b) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $4,327.52 along with the pre-petition arrears; and

   d) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4.        Ongoing thereafter, Debtor shall remain current on all utility bills, including but limited to rent, sewer, and trash, with regards to the Property.

5.        Debtor shall also remain current on all regular post-petition payments to Movant.

6.        Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

7.        In the event Debtor's actions required under Section 3 are not performed or the payments under Sections 4 and/or 5 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8.        If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9.        If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10.       The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan documents and applicable law.

11.       The parties agree that a facsimile signature shall be considered an original signature.

Date:   *May 5, 2020*                         By: */s/ Rebecca A. Solarz, Esquire*
                                                         Attorney for Movant

Date:   *May 5, 2020*                         */s/ David M. Offen, Esq.*
                                                         David M. Offen Esq.
                                                         Attorney for Debtor(s)

Date: _May 7, 2020_   /s/ Jack Miller, Esquire, for*    *No objection to its terms,*
                                  William C. Miller, Esquire     *without prejudice to any of our*
                                  Chapter 13 Trustee                *rights and remedies*

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: May 8, 2020**

_____
Bankruptcy Judge
Ashely M. Chan