United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Lamont Ragsdale, Sr.  
      Debtor

Case No. 19-15202-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Lisa     Page 1 of 1     Date Rcvd: May 11, 2020  
                         Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 13, 2020.  
db          +Lamont Ragsdale, Sr.,   79 W Sharpnack Street,   Philadelphia, PA 19119-2722

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                             TOTAL: 0

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 13, 2020                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 11, 2020 at the address(es) listed below:
           DAVID M. OFFEN    on behalf of Debtor Lamont  Ragsdale, Sr. dmo160west@gmail.com, davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
           KEVIN G. MCDONALD    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee of Vendee Mortgage Trust 2008-1 bkgroup@kmllawgroup.com
           REBECCA ANN SOLARZ    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee of Vendee Mortgage Trust 2008-1 bkgroup@kmllawgroup.com
           United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
           WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                                                                                  TOTAL: 5

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lamont Ragsdale Sr.<br>　　　　　　　　Debtor(s) | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Trustee of Vendee Mortgage Trust 2008-1<br>　　　　　　Movant<br>　　vs. | NO. 19-15202 AMC |
| Lamont Ragsdale Sr.<br>　　　　　　　　Debtor(s)<br>William C. Miller Esq.<br>　　　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or about April 8, 2020, Movant filed a Motion for Relief in the underlying bankruptcy due to unpaid water/sewer rents with regards to the Property located at 79 West Sharpnack Street, Philadelphia, PA 19119 (hereinafter refers to as "the Property").

2. As of May 1, 2020, the amount owed for the Water/Sewer rents has been negotiated to $3,296.52, plus fees and costs relating to the motion at $850 in legal fees and $181 in filing costs for a total amount in default of $4,327.52

3. The Debtor(s) shall cure said arrearages in the following manner:

　　a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $4,327.52;

　　b) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $4,327.52 along with the pre-petition arrears; and

　　d) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Ongoing thereafter, Debtor shall remain current on all utility bills, including but limited to rent, sewer, and trash, with regards to the Property.

5. Debtor shall also remain current on all regular post-petition payments to Movant.

6. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

7. In the event Debtor's actions required under Section 3 are not performed or the payments under Sections 4 and/or 5 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan documents and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: *May 5, 2020*                    By: */s/ Rebecca A. Solarz, Esquire*
                                            Attorney for Movant

Date: *May 5, 2020*                    */s/ David M. Offen, Esq.*
                                            David M. Offen Esq.
                                            Attorney for Debtor(s)

Date: ___May 7, 2020___  /s/ Jack Miller, Esquire, for*  *No objection to its terms,*
                                                _____  *without prejudice to any of our*
                                                William C. Miller, Esquire  *rights and remedies*
                                                Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

**Date: May 8, 2020**

                                               _____
                                               Bankruptcy Judge
                                               Ashely M. Chan